FILED

2011 JUL -7  AM 10: 50

CLERK U.P. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

BY FAX

1  Michael J. Sexton CA Bar No. 153435
   michael.sexton@ogletreedeakins.com
2  Angela Pak CA Bar No. 240177
   angela.pak@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
4  695 Town Center Drive
   Costa Mesa, CA  92626
5  Telephone:  714.800.7900
   Facsimile:   714.754.1298
6
7  Attorneys for Defendant THE HOME DEPOT U.S.A., INC.
   (erroneously sued and served as THE HOME DEPOT STORES, INC.)
8           UNITED STATES DISTRICT COURT
9    CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
10
11  CHERYL PICCIRILLI,                      Case No.  **EDCV 11-01053 VAP (OPx)**
12           Plaintiff,                     **NOTICE OF REMOVAL OF CIVIL
                                            ACTION UNDER 28 U.S.C. §§ 1332
13        v.                                AND 1441(B)**
14  THE HOME DEPOT STORES, INC.             **[DIVERSITY JURISDICTION]**
    and DOES 1 THROUGH 20,
15                                          [Filed Concurrently with Defendant's
           Defendants.                      Civil Cover Sheet, Certificate of
16                                          Interested Parties, and Notice of Related
                                            Cases]
17
18
19
20      TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
21  DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS
22  OF RECORD:
23      PLEASE TAKE NOTICE that Defendant The Home Depot U.S.A., Inc.
24  (erroneously sued as "The Home Depot Stores, Inc.", hereinafter "Defendant" or
25  "Home Depot") hereby removes this action from the Superior Court of the State of
26  California for the County of Riverside to the United States District Court for the
27  Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441(b) on the
28  grounds that there is complete diversity of citizenship between Plaintiff Cheryl

1 | Piccirilli ("Plaintiff" or "Piccirilli"), a citizen of the State of California, and Home
2 | Depot, a citizen of the States of Delaware and Georgia; that the amount in
3 | controversy exceeds the jurisdictional minimum of $75,000 set forth in Section
4 | 1332(a); and that the foregoing facts were true at the time the Complaint in this
5 | matter was filed and remain true as of the date of the filing of this notice of removal,
6 | as more fully set forth below on the following grounds:

## I.

## THE STATE COURT ACTION

9 |     1.    On or about January 13, 2011, Plaintiff filed an action against Home
10 | Depot entitled "CHERYL PICCIRILLI, Plaintiff, vs. THE HOME DEPOT
11 | STORES, INC., and DOES 1 through 20, Defendant" in Riverside County Superior
12 | Court, Case Number INC1100288. A true and correct copy of the Summons and
13 | Complaint is attached as Exhibit "A" hereto.

14 |     2.    On or about June 13, 2011, Plaintiff filed an Amendment to Complaint
15 | naming DOE No. 1 as "Home Depot U.S.A., Inc." A true and correct copy of the
16 | Amendment to Complaint is attached as Exhibit "B" hereto.

17 |     3.    On or about June 13, 2011, Plaintiff filed a First Amended Complaint
18 | ("FAC") against Home Depot. A true and correct copy of the FAC is attached as
19 | Exhibit "C" hereto.

20 |     4.    On or about June 14, 2011, Plaintiff personally served the Summons
21 | and FAC on Home Depot's registered agent for service of process. In addition to the
22 | Summons and FAC, Plaintiff also served the Amendment to Complaint, a copy of
23 | the Notice of Assignment to Department for Case Management Purposes and Case
24 | Management Conference as well as a copy of a print-out from the California
25 | Secretary of State's website entitled "Business Entity Detail." A true and correct
26 | copy of the Notice of Assignment to Department for Case Management Purposes and
27 | Case Management Conference and a print-out of the California Secretary of State's
28 | website entitled "Business Entity Detail" are attached hereto as Exhibit "D."

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION

1       5.      On or about June 28, 2011, Plaintiff served Defendant with a copy of

2 her Case Management Conference Statement. On or about June 29, 2011, Plaintiff

3 filed a Case Management Conference Statement with the Riverside County Superior

4 Court. A true and correct copy of those documents is attached hereto as Exhibit "E."

5       6.      On July 6, 2011, Home Depot timely filed and served its Answer to

6 Plaintiff's FAC in the Riverside County Superior Court. A true and correct copy of

7 Defendant's Answer to Plaintiff's FAC is attached hereto as Exhibit "F."

## II.

## REMOVAL IS TIMELY

10       7.      A defendant in a civil action has thirty (30) days from the date it is

11 validly served with a summons and complaint to remove the action to federal court.

12 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(b). ("[A] notice of removal may be filed

13 within thirty days after receipt by the defendant, through service or otherwise, of a

14 copy of an amended pleading, motion, order or other paper from which it may first

15 be ascertained that the case is one which is or has become removable"); *Murphy*

16 *Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-

17 stamped copy of complaint did not trigger removal period).

18       8.      As set forth more fully in paragraph 4, service of the Summons and

19 FAC on Home Depot occurred on June 14, 2011. Therefore, removal is timely, as

20 the action is being removed within 30 days of service.

## III.

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

23       9.      This timely Notice is based on complete diversity of the parties.

24 Plaintiff is a citizen of the State of California and Home Depot is a citizen of the

25 States of Delaware and Georgia.

26       10.      Home Depot is informed and believes that Plaintiff is a citizen of the

27 State of California and is domiciled in the County of Riverside, California, and was

28 so domiciled at the time of the filing of the Summons and Complaint and the FAC.

11. Home Depot was, at the time the Summons and Complaint and the FAC was filed, and still is, incorporated in the State of Delaware.

12. The Supreme Court recently established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

13. Home Depot's principal place of business is in the State of Georgia. Home Depot is one of the leading retailers in the home-improvement industry and operates warehouse-style stores throughout the United States. As a national corporation that conducts business in 49 of 50 states, Home Depot's business activities do not substantially predominate in a single state by virtue of doing more business in that state. *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003) (denying motion to remand, holding that Home Depot was a citizen of Delaware (state of incorporation) and Georgia (principal place of business), and complete diversity of citizenship existed between it and plaintiff, a California citizen). Accordingly, Home Depot does not perform a "substantial predominance" of corporate operations in any single state. *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions). Home Depot performs the vast

NOTICE OF REMOVAL OF CIVIL ACTION

1    majority of its executive and administrative functions at its corporate headquarters

2    located in Atlanta, Georgia.

3        14.    If a party is a corporation, it is a citizen of both its state of incorporation

4    and the state where it has its principal place of business.  (28 U.S.C. § 1332(c)(1).)

5    Accordingly, Home Depot is (and was at the time of filing of the Complaint and the

6    FAC) a citizen of the States of Delaware and Georgia, but not California.

7        15.    Therefore, complete diversity among the parties not only exists now, but

8    also did at the time of the filing of this action on January 13, 2011 and at the time of

9    the filing of the FAC on June 13, 2011.

10   **IV.**

11   **THE JURISDICTIONAL MINIMUM IS EASILY MET ON THE FACE OF**

12   **THE COMPLAINT**

13       16.    This Court's jurisdictional minimum, an amount in controversy in

14   excess of $75,000, is satisfied by the facts set forth herein and more specifically

15   described below.  Home Depot discusses below the allegations in Plaintiff's FAC

16   that are the subject of this matter solely to demonstrate that the amount in

17   controversy in this matter exceeds $75,000.00.  In doing so, Home Depot does not

18   admit that Plaintiff is entitled to these damages or that Plaintiff will be able to

19   recover on any of his theories.

20       17.    The Court may, for removal purposes, look to the pleadings for

21   underlying facts establishing the jurisdictional limit.  *Gaus v. Miles, Inc.*, 980 F.2d

22   564, 566 (9th Cir. 1992).  Attorneys' fees may be included in the amount in

23   controversy if recoverable by statute, as they are here, under FEHA.  *Galt G/S v. JSS*

24   *Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.1998).  Plaintiff's FAC alleges that, as

25   a proximate result of Home Depot's conduct, Plaintiff "suffered a loss of earnings

26   and has experienced substantial mental and emotional distress" for which she "seeks

27   an award of economic and non-economic damages." (FAC, ¶ ¶ 21, 27, 41 and Prayer

28   at ¶ 1 and 2.)  Plaintiff also asserts that as a result of Home Depot's conduct, she has

1   been "severely injured and harmed economically, emotionally and mentally." (FAC,

2   ¶ 36.)   Plaintiff claims that she has "incurred attorneys' fees in the prosecution of the

3   [FAC] and is entitled to an award of reasonable, allowable attorney's fees." (FAC,

4   ¶¶ 23, 29, 37, 43 and Prayer at ¶ 4.)

5        18.    It is thus facially apparent from the FAC that Plaintiff's claims exceed

6   the jurisdictional amount. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir.

7   2003) (facially apparent that wrongful termination claim exceeded $75,000 due to

8   lengthy list of damages including loss of pay, fringe benefits, harm to credit,

9   emotional distress, etc, combined with claim for attorneys' fees.)

10       19.    Additionally, Plaintiff has pled for the recovery of punitive damages

11  because Home Depot's acts were "inherently oppressive, outrageous and despicable,

12  and said acts evidence conscious disregard of Plaintiff's employment rights." (See

13  FAC, ¶¶ 22, 28, 42, and Prayer at ¶ 3.)  "Where both actual and punitive damages are

14  recoverable under a complaint each must be considered to the extent claimed in

15  determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320

16  U.S. 238, 240 (1943).  Therefore, it is factually apparent from the body of the FAC

17  that the claim exceeds the jurisdictional amount. *Luckett v. Delta Airlines*, 171 F.3d

18  295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the

19  complaint because there were alleged damages for property, travel expenses, an

20  emergency ambulance trip, a six day stay in the hospital, pain and suffering,

21  humiliation, and temporary inability to do housework.)

22       20.    Additionally, in her Case Management Conference Statement filed with

23  the Riverside County Superior Court on or about June 29, 2011, Plaintiff stated that

24  her damages are as follows: "PAST LOE: 70K; FUTURE LOE: $28,800.00; NON-

25  ECONOMIC: 500K; ATTORNEY'S FEES: uncertain to date."  Plaintiff claims that

26  the amount in controversy is at least approximately $600,000.00.  A true and correct

27  copy of Plaintiff's Case Management Conference Statement is attached as Exhibit

28  "E" hereto.

1    21.    As demonstrated above, numerous cumulative and alternative bases

2  exist to establish that the damages sought by Plaintiff exceed the Court's

3  jurisdictional minimum.  As the alleged damages far exceed this Court's

4  jurisdictional limit and as the parties are of diverse citizenship, removal is proper.

**V.**

**CONCLUSION**

7    22.    Because this civil action is between citizens of different states and the

8  matter in controversy exceeds $75,000, exclusive of interest and costs, Home Depot

9  respectfully requests that this Court exercise its removal jurisdiction over this action.

10    23.    In the event this Court has a question regarding the propriety of this

11  Notice of Removal, Defendant requests that it issue an Order to Show Cause so that

12  it may have an opportunity to more fully brief the Court on the basis for this

13  removal.

15  DATED:  July 7, 2011                    OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.

18                                    By: _____
19                                          Michael J. Sexton
                                            Angela Pak
20                                          Attorneys for Defendant THE HOME
                                            DEPOT U.S.A., INC.

21  10557114.1 (OGLETREE)

**EXHIBIT A**

01/12/2011 WED 20:09  FAX 3103373080 LAW OFFICE                                    ☑018/019

SUM-100

## SUMMONS
### (CITACIÓN JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

# FILED

**01/13/2011**

**S COOK**

**Superior Court of California
County of Riverside**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE HOME DEPOT STORES, INC., and DOES 1 THROUGH 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHERYL PICCIRILLI

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA-COUNTY OF RIVERSIDE
46-200 Oasis Street, Indio, CA 92201

**CASE NUMBER:** *(Número del Caso):* **INC 1100288**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ALVIN L. PITTMAN, ESQ.--5933 W. CENTURY BLVD.,SUITE 230--L.A., CA 90045 (310)337-3077

DATE: **1/13/11**   Clerk, by _signe j. cook_ , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*
   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

"By Fax"

EXHIBIT _A_ , PAGE _8_

1  LAW OFFICES OF ALVIN L. PITTMAN
   Alvin L. Pittman, Esq. (SBN. 127009)
2  5933 West Century Blvd., Suite 230
   Los Angeles, CA  90045
3  Telephone:  (310) 337-3077
4  Facsimile:  (310) 337-3080

5  Attorneys for Plaintiff
   Cheryl Piccirilli
6

**FILED**

01/13/2011

**S COOK**

Superior Court of California
County of Riverside

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF RIVERSIDE

9

10  CHERYL PICCIRILLI,                    ) Case No.    INC 1100288
                                          )
11               Plaintiff,               ) **COMPLAINT FOR DAMAGES AND**
                                          ) **DEMAND FOR JURY TRIAL FOR:**
12        vs.                             )
                                          )
13                                        ) 1. ¬RETALIATION FOR OPPOSITION TO
14  THE HOME DEPOT STORES, INC., and      ) SEXUAL HARASSMENT (GOV. CODE
    DOES 1 THROUGH 20.                    ) §12940, ET SEQ.);
15                                        )
                 Defendant.               ) 2.   RETALIATION IN VIOLATION OF
16                                        ) CALIFORNIA FAMILY RIGHTS ACT
                                          ) (GOV. CODE §12940, ET SEQ.);
17                                        )
                                          ) 3.  VIOLATION OF CALIFORNIA FAMILY
18                                          RIGHTS ACT (GOV. CODE §12940, ET
                                            SEQ.);
19
                                            4.   WRONGFUL TERMINATION IN
20                                          VIOLATION OF PUBLIC POLICY);

21                                          [DEMAND FOR JURY TRIAL]

22

23

24  ─────────────────────────────

25              **PRELIMINARY PARAGRAPHS**

26     1.     Cheryl Piccirilli (hereinafter, referred to as "Plaintiff"), a former

27  employee of Home Depot Stores, Inc (hereinafter, referred to as "Defendant")

28

                                    1

"By Fax"

EXHIBIT  A , PAGE  9

INC 1100288

1   charges that she has suffered severe and continuing injury, including severe

2   economic and non- economic injuries as a result of unlawful and wrongful conduct

3
    engaged in by the Defendant, individually and/or corporately.  Consequently, in this
4

5   action, Plaintiff seeks an award of economic, non-economic and punitive damages,

6   as well as an award of reasonable attorney's fees.

7
8       2.    Each of the fictitious Defendant Does 1 through 20, inclusive, are sued

9   pursuant to Code of Civil Procedure Section 474, because Plaintiff does not know

10  their names and/or capacities at this time.  Plaintiff will seek leave of the court to
11

12  amend this complaint when the true names and capacities of the Defendant

13  designated herein as "Does" have been ascertained.

14
        3.    Each Defendant is sued as a joint-tortfeasor, aider-and-abetter, co-
15

16  conspirator, officer, and/or agent of every other Defendant, acting within the course

17  and scope of such status, relationship, conspiracy and/or agency unless otherwise

18
    specified.  Reference made in this complaint to "Defendant, and each of them," shall
19

20  be deemed to mean the acts of all Defendant acting jointly and/or severally and/or as

21  joint-tortfeasors and aiders-and-abettors and/or co-conspirators acting in furtherance

22
    of a targeted goal unless otherwise stated.
23

24      4.    At all times material to this action:

25      (a)    Plaintiff Cheryl Piccirilli was and is, at all times relevant to this

26  action a former employee of Defendant, and a resident of the County of Riverside,
27

28  State of California;

                                    2

INC 1100288

1          (b)     Upon information and belief, Defendant, Defendant, HOME

2  DEPOT STORES, INC., (hereinafter referred to as "HOME DEPOT" or

3

4  "Defendant"), was at all times material to this action, a business entity located

5  within the County of Riverside, State of California;

6          (c)     Upon information and belief, Janet Hart (hereinafter referred to

7

8  as "HART"), was at all times material to this action, Defendant's Store Manager and

9  managing agent;

10

11

12  **INTRODUCTORY PARAGRAPHS**

13      1.    Plaintiff began her employment with the Home Depot located in La

14  Quinta, California on or about August 15, 1999.  She was hired to work in the

15  flooring department by Home Depot's then Store Manager, Steve Harbison.

16

17      2.    Around ____, 1 transferred to Defendant's Rancho Mirage Store where

18  I worked alongside Janet Hart who was employed in the position of

19

20  _____.

21      3.    Throughout her almost ten year employment history with Defendants,

22  Plaintiff performed in an exemplary fashion.  Plaintiff was extremely

23  knowledgeable about décor, carpet, flooring special services, expediting and other

24

25  relevant services provided by Defendant.

26      4.    Plaintiff's performance was highly complemented by Defendant's

27  management.  In fact, Plaintiff received numerous commendations and awards

28

3

**COMPLAINT FOR DAMAGES**

INC 1100288

1   during her tenure with Defendants for her outstanding performance.

2       5.    Around June of 2008, Plaintiff learned that her brother was diagnosed

3   with cancer.  The day Plaintiff learned of her brother's diagnoisis, she was very
4
5   shaken and I approached Janet Hart (then Defendant's Store Manager) about leaving
6
    early.  Showing no empathy at all, Hart told Plaintiff that she was the only person in
7
8   the specialty department and that it was not a good idea to leave the floor early.

9   Finally, after pointing out to Hart that not much time remained on her shift, Hart
10
    agreed to release Plaintiff an hour before her shift ended.
11
12      6.    For several years while working at the Rancho Mirage store, Plaintiff

13  was always schedule off work on Saturdays.  From June to mid-August, Plaintiff
14
15  used that time to care for her mother's animals and home while her mother tended to

16  Plaintiff's sick brother.

17      7.    In August of 2008, while attending to her ill son, Plaintiff's mother had
18
19  to undergo back surgery.  Around August 16, 2009, Plaintiff took her vacation time

20  and traveled to Reno, Nevada to assist with the care of both her sick brother and

21  mother.

22      8.    On September 5, 2009, Plaintiff returned to work only to find out that
23
24  Hart had taken her Saturday off days, claiming that no one would have weekends off

25  anymore.  However, while Hart had changed Plaintiff's scheduled day off, claiming
26
    that no one could have weekend time off anymore, Hart allowed other employees to
27
28  continue having the weekend day or days off.

                                    4
                        **COMPLAINT FOR DAMAGES**

EXHIBIT ___A___ , PAGE 12

INC 1100288

9.     Plaintiff spoke to Hart and informed her that she really needed to have Saturdays off more than ever, because she needed to care for her mother who had recently had back surgery and returned to California from Reno.  Hart told Plaintiff, "No".

10.    On numerous occasions, while Plaintiff's brother battled cancer, and her mom was recovering from back surgery, Plaintiff repeatedly requested Sundays off (a relatively slow day during that time) to care for my recuperating mother.  Hart repeatedly said no to Plaintiff's request.  At the same time, other associates request for these days-off were being routinely granted.

11.    In early February of 2009, Plaintiff went to Hart and informed her that her brother would be undergoing experimental cancer treatment in San Francisco.  Plaintiff informed Hart that she would need to take approximately a month off from work to help provide round the clock care for him while he recovered in his hospital like apartment.  Hart told Plaintiff, "no, "it's a bad time for cancer, we have to focus on our sales".  Hart went on to tell Plaintiff, you know you won't get paid for that time you are off.  "Don't you need the money."  Plaintiff informed Hart that her brother was very ill and that it was important for her to do whatever she to help care for him.  Hart told Plaintiff no and proceeded to walk away from Plaintiff, ignoring her request.

INC 1100288

12.    Then, on or about February 7, 2009, a co-worker informed Plaintiff that two of Defendant's management employees were publicly discussing very private matters concerning her personal hygiene, her sex organs and her past sexual relationship with one of Defendant's managers, with whom she had previously dated.

13.    Plaintiff was extremely shocked, embarrassed and offended by Defendant's management's comments. On February 8, 2009, Plaintiff complained directly to Janet Hart, Defendant's store manager about what she believed to be sexually offensive conduct by her assistant managers. Hart smirked and laughed at Plaintiff. She told Plaintiff that, "it's a big store and people are going to spread rumors." Hart then told Plaintiff that she needed to put on her "big girl pants and get over it."

14.    Defendant failed to investigate or take any reasonable steps to address Plaintiff's complaints about Defendant's sexually offensive conduct.

15.    Then on February 13, 2009, Defendant retaliated against Plaintiff by terminating Plaintiff's ten year employment with Home Depot, in part for her complaints about what she reasonably believed to be sexual harassment, and in part for her attempts to assert her rights under the California Family Act.

INC 1100288

16. Defendant's alleged reasons for terminating Plaintiff's long time employment with the Home Depot was a sham, and mere pretext to cover-up unlawful retaliation against Plaintiff.

17. Plaintiff exhausted her administrative remedies with the Department of Fair Employment and Housing against Defendant by filing Complaints of Discrimination on or about January 15, 2010. Plaintiff received a Notices of Case Closure from the Department of Fair Employment and Housing on January 15, 2010.

**FIRST COUNT: RETALIATION FOR OPPOSITION TO SEXUAL HARASSMENT AGAINST DEFENDANT AND DOES 1 THROUGH 20, INCLUSIVE.**

18. The allegations of Paragraphs 1 through 17 of the Introductory of the Paragraphs are incorporated herein by reference.

19. That the Fair Employment and Housing Act and California Constitution prohibit retaliation against employees for opposition to, or complaining about sexual harassment.

20. That the Defendant (through its agents/employees, including Janet Hart) did willfully retaliate against Plaintiff in violation of the Fair employment and Housing Act and the California Constitution by terminating Plaintiff's employment, in part because they complained about and opposed what they reasonably perceived as sex discrimination and/or harassment.

21. As a direct and proximate result of the aforesaid acts of Defendant by

7

COMPLAINT FOR DAMAGES

INC 1100288

and through its agents and/or employees, and each of them (specifically the acts of

Hart), Plaintiff has suffered a loss of earnings and has experienced substantial

mental and emotional distress. Plaintiff, thus seeks an award of economic and non-

economic damages for such emotional distress against such Defendant in an amount

sufficient to fully compensate Plaintiff.

22. The aforesaid acts of Defendant, including Hart were inherently

oppressive, outrageous and despicable, and said acts evidence conscious disregard

of Plaintiff's employment rights. Thus, Plaintiff seeks the award of punitive

damages against Defendant to punish Defendant and to deter it from engaging in

such conduct in the future.

23. Plaintiff has incurred attorneys' fees in the prosecution of this action and

is entitled to an award of reasonable, allowable attorney's fees herein

Wherefore, Plaintiffs pray for judgment as set forth below.

SECOND COUNT: RETALIATION IN VIOLATION OF
CALIFORNIA FAMILY RIGHTS ACT (GOV. CODE §12940, ET
SEQ.);MEDICAL LEAVE AGAINST DEFENDANT AND DOES 1
THROUGH 20, INCLUSIVE.

24. The allegations of Paragraphs 1 through 17 of the Introductory of the

Paragraphs AND Paragraphs 18 through 23 of the First Count are incorporated

herein by reference.

25. That the Fair Employment and Housing Act and California

Constitution prohibit retaliation against employees for opposition to, or asserting

their rights under California Government Code § 12945.2, the California Family

8

COMPLAINT FOR DAMAGES

EXHIBIT A, PAGE 16

INC 1100288

1    Rights Act.

2        26.    That the Defendant (through its agents/employees, including Janet

3    Hart) did willfully retaliate against Plaintiff in violation of the Fair employment and

4

5    Housing Act by terminating Plaintiff's employment, in part because she asserted her

6    rights there under by seeing leave to attend to a sick family member.

7

8        27.    As a direct and proximate result of the aforesaid acts of Defendant by

9    and through its agents and/or employees, and each of them (specifically the acts of

10   Hart), Plaintiff has suffered a loss of earnings and has experienced substantial

11

12   mental and emotional distress. Plaintiff thus seeks an award of economic and non-

13   economic damages for such emotional distress against such Defendant in an amount

14   sufficient to fully compensate Plaintiff.

15

16       28.    The aforesaid acts of Defendant, including Hart were inherently

17   oppressive, outrageous and despicable, and said acts evidence conscious disregard

18   of Plaintiff's employment rights.  Thus, Plaintiff seeks the award of punitive

19   damages against Defendant to punish Defendant and to deter it from engaging in

20

21   such conduct in the future.

22       29. Plaintiff has incurred attorneys' fees in the prosecution of this action and

23

24   is entitled to an award of reasonable, allowable attorney's fees herein

25       Wherefore, Plaintiffs pray for judgment as set forth below.

26

27

28

INC 1100288

THIRD COUNT: VIOLATION OF CALIFORNIA FAMILY RIGHTS
ACT AGAINST DEFENDANT AND DOES 1 THROUGH 20,
INCLUSIVE.

30.    The allegations of Paragraphs 1 through 17 of the Introductory

Paragraphs and Paragraphs 18 through 23 of the First Count 24 through 29 of the

Second Count are incorporated herein by reference.

31.    The Fair Employment and Housing Act provides job security to an

employee who is absent from work because of the employee's own serious health

condition or to care for family members with serious health conditions.

32.    California Government Code § 12945.2 prohibits employers from

refusing requests for leave of up to 12 workweeks in any 12-month period for family

care and medical leave, with a guarantee of employment in the same or a

comparable position upon the termination of the leave, where the employee has

more than 12 months of service with the employer, and who has at least 1,250 hours

of service with the employer during the previous 12-month period.

33.    Upon information and belief, Plaintiff met all the above-mentioned

requirements under the California Family Rights Act, and was thus entitled to

protected leave under said act.

34.    That Plaintiff did exercise her right to take a protected leave due to a

serious health condition that had befallen her, and that Defendants repeatedly

refused to return Plaintiff to her previously held, or a comparable position upon the

INC 1100288

termination of her protected leave, and in fact, ultimately terminated her employment.

35. By these actions, Defendant unlawfully discriminated against Plaintiff in violation of Government Code Section 12945.2, and caused Plaintiff economic losses and physical and mental injuries for which Plaintiff seeks recovery of damages.

36. As a direct and proximate result of Defendant's actions, jointly and severally, Plaintiff has been severely injured and harmed economically, emotionally and mentally, wherefore, Plaintiff seeks economic and non-economic damages according to proof at trial, together with prejudgment interest pursuant to Civil Code Section 3287, 3288 and/or 3291.

37. Plaintiff has incurred attorneys' fees in the prosecution of this action and is entitled to an award of reasonable attorney's fees pursuant to Government Code Section 12965(b).

Wherefore, Plaintiff prays for judgment as set forth below.

**FOURTH COUNT: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST DEFENDANT AND DOES 1 THROUGH 20, INCLUSIVE.**

38. The allegations of Paragraphs 1 through 23 of the Introductory Paragraphs and Paragraphs 24 through 29 of Second Count and Paragraphs 30 through 37 of the Third Count are incorporated by reference.

39. That the Fair Employment and Housing Act and California

11

**COMPLAINT FOR DAMAGES**

INC 1100288

1  Constitution embodies public policy in the state of California, and guarantees

2  protection against sexual harassment and discrimination gender, as well as

3  protection from termination for asserting one's rights under the California Family

4

5  Rights Act.

6      40.    That the Defendants did willfully violate the public policy of

7

8  California, by intentionally and maliciously terminating Plaintiff's employment

9  because of her opposition to sexual harassment and because she asserted her

10  employment rights under the California Family Rights Act.

11

12      41.    As a direct and proximate result of the aforesaid acts of Defendant by

13  and through its agents and/or employees, and each of them, Plaintiff has suffered a

14  loss of earnings and has experienced substantial mental and emotional distress.

15

16  Plaintiff thus seeks an award of economic and non-economic damages for such

17  emotional distress against such Defendant in an amount sufficient to fully

18  compensate Plaintiff.

19

20      42.    The aforesaid acts of Defendant, including Hart were inherently

21  oppressive, outrageous and despicable, and said acts evidence conscious disregard

22  of Plaintiff's employment rights.  Thus, Plaintiff seeks the award of punitive

23  damages against Defendant to punish and to deter it from engaging in such conduct

24

25  in the future.

26      43. Plaintiff has incurred attorneys' fees in the prosecution of this action and

27  is entitled to an award of reasonable, allowable attorney's fees herein

28

INC 1100288

Wherefore, Plaintiffs pray for judgment as set forth below.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For economic damages based upon lost income in such amount as shall be established by proof at time of trial;

2. For non-economic damages in compensation for Plaintiff's severe emotional distress that Defendant's actions substantially and/or proximately caused, in such amount as shall be established by proof at time of trial;

3. For punitive damages against Defendant in an amount sufficient to punish Defendant and/or to deter it from engaging in such conduct in the future;

4. For attorney's fees pursuant to California Government Code Section 12965(b);

5. For prejudgment interest; and

6. For such other relief that this court shall deem proper.

Dated: 1-12-11          LAW OFFICES OF ALVIN L. PITTMAN

By: _____
       ALVIN L. PITTMAN, ESQ.
       Attorneys for Plaintiff
       Cheryl Piccirilli

EXHIBIT A , PAGE 21

06/13/2011 MON 13:52 FAX 3103373080 LAW OFFICE                                        ☑015/017

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220   ☑ INDIO 46-200 Oasis St., Indio, CA 92201
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225           ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501       ☐ TEMECULA 41002 County Center Dr., Ste. 100, Temecula, CA 92591
☐ HEMET 880 N. State St., Hemet, CA 92543

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | RI-025 |
|---|---|
| Alvin L. Pittman, Esq. (SBN. 127009) <br> Law Offices of Alvin L. Pittman <br> 5933 W. CENTURY BLVD., SUITE 230 <br> LOS ANGELES, CA 90045 <br> TELEPHONE NO.: 310-337-3077   FAX NO. (Optional): 310-337-3080 <br> E-MAIL ADDRESS (Optional): office@apittman-law.com <br> ATTORNEY FOR (Name): Plaintiff Cheryl Piccirilli | **FOR COURT USE ONLY** <br><br> # FILED <br><br> 06/13/2011 <br><br> C. RIOS <br><br> Superior Court of California <br> County of Riverside |
| TITLE OF CASE: <br><br> CHERYL PICCIRILLI v. THE HOME DEPOT STORES, INC. | |
| | CASE NUMBER: <br> INC 1100288 |
| AMENDMENT TO  ☑ COMPLAINT   ☐ CROSS COMPLAINT | |

FICTITIOUS NAME (No order required)

Upon filing the complaint * herein, plaintiff(s)* being ignorant of the true name of a defendant and having designated said defendant in the complaint by the fictitious name of   DOE No.1                    and having discovered the true name of the said defendant to be   HOME DEPOT U.S.A., INC.

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

06/10/11          Alvin L. Pittman
(DATE)        (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

INCORRECT NAME (Requires order thereon)

Plaintiff(s)* having designated a defendant in the complaint* by the incorrect name of _____

and having discovered the true name of the said defendant to be  HOME DEPOT U.S.A., INC.

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_____          _____
(DATE)        (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

### ORDER

Proper cause appearing, plaintiff(s)* allowed to file the above amendment to the complaint.*

_____                                        _____
(DATE)                                                (JUDGE OF THE SUPERIOR COURT)

*Complaint can also mean a cross-complaint.  Plaintiff means a person who files a complaint or cross-complaint (C.C.P. 426.10).

| Approved for Optional Use <br> Riverside Superior Court <br> RI-025 [Rev. 6/2/11] | AMENDMENT TO COMPLAINT/CROSS COMPLAINT | Page 1 of 1 <br> riverside.courts.ca.gov/localfrms/localfrms.shtml |

"By Fax"

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
46-200 Oasis Street
Indio, CA  92201
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

PICCIRILLI VS HOME DEPOT

CASE NO. INC 1100288

This case is assigned to the HONORABLE Judge Randall D White
in Department 2H as the case management department.
The Case Management Conference is scheduled for 07/12/11
at  8:30 in Department 2H.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing NOTICE OF
ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE
MANAGEMENT CONFERENCE (CRC 3.722) on this date, by depositing said
copy as stated above.

Court Executive Officer/Clerk

Date:  01/13/11                    By: S. COOK
                                       SIGNE J COOK, Deputy Clerk

ac: cmc,cmcb,ntit,cmcc

EXHIBIT A, PAGE 23

**EXHIBIT B**

06/13/2011 MON 13:52  FAX 3103373080 LAW OFFICE                                          ☑015/017

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220   ☒ INDIO 46-200 Oasis St., Indio, CA 92201
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225              ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92563
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501          ☐ TEMECULA 41002 County Center Dr., Ste. 100, Temecula, CA 92591
☐ HEMET 880 N. State St., Hemet, CA 92543

|  | RI-025 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)<br>Alvin L. Pittman, Esq. (SBN. 127009)<br>Law Offices of Alvin L. Pittman<br>5933 W. CENTURY BLVD., SUITE 230<br>LOS ANGELES, CA 90045<br>TELEPHONE NO.: 310-337-3077   FAX NO. (Optional): 310-337-3080<br>E-MAIL ADDRESS (Optional): office@aplittman-law.com<br>ATTORNEY FOR (Name): Plaintiff Cheryl Piccirilli | FOR COURT USE ONLY<br><br>**FILED**<br><br>06/13/2011<br>C. RIOS<br><br>Superior Court of California<br>County of Riverside |
| TITLE OF CASE:<br><br>CHERYL PICCIRILLI v. THE HOME DEPOT STORES, INC. | |
| | CASE NUMBER:<br>INC 1100288 |
| AMENDMENT TO   ☒ COMPLAINT   ☐ CROSS COMPLAINT | |

**FICTITIOUS NAME** (No order required)

Upon filing the complaint * herein, plaintiff(s)* being ignorant of the true name of a defendant and having designated said defendant in the complaint by the fictitious name of   DOE No.1                                    and having discovered the true name of the said defendant to be   HOME DEPOT U.S.A., INC.

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

06/10/11                          Alvin L. Pittman                          _____
(DATE)        (TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)        (SIGNATURE)

**INCORRECT NAME** (Requires order thereon)

Plaintiff(s)* having designated a defendant in the complaint* by the incorrect name of   _____

and having discovered the true name of the said defendant to be   HOME DEPOT U.S.A., INC.

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_____   _____   _____
(DATE)        (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)        (SIGNATURE)

## ORDER

Proper cause appearing, plaintiff(s)* allowed to file the above amendment to the complaint.*

_____                                      _____
(DATE)                                                        (JUDGE OF THE SUPERIOR COURT)

*Complaint can also mean a cross-complaint. Plaintiff means a person who files a complaint or cross-complaint (C.C.P. 426.10).

| Approved for Optional Use<br>Riverside Superior Court<br>RI-025 [Rev. 6/2/11] | **AMENDMENT TO COMPLAINT/CROSS COMPLAINT** | Page 1 of 1<br>riverside.courts.ca.gov/localfrms/localfrms.shtml |

" By Fax "

# EXHIBIT C

06/13/2011 MON 13:44  FAX 3103373080 LAW OFFICE                                    ☑002/017

1   LAW OFFICES OF ALVIN L. PITTMAN
    Alvin L. Pittman, Esq. (SBN. 127009)
2   5933 West Century Blvd., Suite 230
    Los Angeles, CA 90045
3   Telephone: (310) 337-3077
    Facsimile: (310) 337-3080
4

5   Attorneys for Plaintiff
    Cheryl Piccirilli
6

**FILED**

**06/13/2011**

**C. RIOS**

Superior Court of California
County of Riverside

7       SUPERIOR COURT OF THE STATE OF CALIFORNIA

8          FOR THE COUNTY OF RIVERSIDE

9

| | |
|---|---|
| 10   CHERYL PICCIRILLI, | )   Case No. INC 1100288 |
| 11 | ) |
|        Plaintiff, | )   **FIRST AMENDED COMPLAINT FOR** |
| 12 | )   **DAMAGES AND DEMAND FOR JURY** |
|    vs. | )   **TRIAL FOR:** |
| 13 | ) |
| 14   THE HOME DEPOT STORES, INC., and | )   1.  RETALIATION FOR OPPOSITION TO |
|    DOES 1 THROUGH 20. | )   SEXUAL HARASSMENT (GOV. CODE |
| 15 | )   §12940, ET SEQ.); |
|        Defendant. | ) |
| 16 | )   2.  RETALIATION IN VIOLATION OF |
| | )   CALIFORNIA FAMILY RIGHTS ACT |
| 17 | )   (GOV. CODE §12940, ET SEQ.); |
| 18 | )   3.  VIOLATION OF CALIFORNIA FAMILY |
| 19 | )   RIGHTS ACT (GOV. CODE §12940, ET |
| | )   SEQ.); |
| 20 | )   4.  WRONGFUL TERMINATION IN |
| | )   VIOLATION OF PUBLIC POLICY); |
| 21 | ) |
| 22 | )   [DEMAND FOR JURY TRIAL] |
| 23 | ) |
| 24 | ) |

25

26

27

28

M

        FIRST AMENDED COMPLAINT FOR DAMAGES

"By Fax"

EXHIBIT C , PAGE 25

### PRELIMINARY PARAGRAPHS

1.      Cheryl Piccirilli (hereinafter, referred to as "Plaintiff"), a former employee of Home Depot Stores, Inc (hereinafter, referred to as "Defendant") charges that she has suffered severe and continuing injury, including severe economic and non- economic injuries as a result of unlawful and wrongful conduct engaged in by the Defendant, individually and/or corporately.  Consequently, in this action, Plaintiff seeks an award of economic, non-economic and punitive damages, as well as an award of reasonable attorney's fees. '

2.      Each of the fictitious Defendant Does 1 through 20, inclusive, are sued pursuant to Code of Civil Procedure Section 474, because Plaintiff does not know their names and/or capacities at this time.  Plaintiff will seek leave of the court to amend this complaint when the true names and capacities of the Defendant designated herein as "Does" have been ascertained.

3.      Each Defendant is sued as a joint-tortfeasor, aider-and-abetter, co-conspirator, officer, and/or agent of every other Defendant, acting within the course and scope of such status, relationship, conspiracy and/or agency unless otherwise specified.  Reference made in this complaint to "Defendant, and each of them," shall be deemed to mean the acts of all Defendant acting jointly and/or severally and/or as joint-tortfeasors and aiders-and-abettors and/or co-conspirators acting in furtherance of a targeted goal unless otherwise stated.

4.      At all times material to this action:

EXHIBIT __C__ PAGE __26__

(a)   Plaintiff Cheryl Piccirilli was and is, at all times relevant to this action a former employee of Defendant, and a resident of the County of Riverside, State of California;

(b)   Upon information and belief, Defendant, Defendant, HOME DEPOT STORES, INC., (hereinafter referred to as "HOME DEPOT" or "Defendant"), was at all times material to this action, a business entity located within the County of Riverside, State of California;

(c)   Upon information and belief, Janet Hart (hereinafter referred to as "HART"), was at all times material to this action, Defendant's Store Manager and managing agent;

## INTRODUCTORY PARAGRAPHS

1.   Plaintiff began her employment with the Home Depot located in La Quinta, California on or about August 15, 1999.   She was hired to work in the flooring department by Home Depot's then Store Manager, Steve Harbison.

2.   Around 2001, Plaintiff transferred to Defendant's Rancho Mirage Store where she worked in the flooring department.

3.   Throughout her almost ten year employment history with Defendants, Plaintiff performed in an exemplary fashion.  Plaintiff was extremely knowledgeable about décor, carpet, flooring special services, expediting and other relevant services provided by Defendant.

4.      Plaintiff's performance was highly complemented by Defendant's management.  In fact, Plaintiff received numerous commendations and awards during her tenure with Defendants for her outstanding performance.

5.      Around June of 2008, Plaintiff learned that her brother was diagnosed with cancer.  The day Plaintiff learned of her brother's diagnoisis, she was very shaken and I approached Janet Hart (then Defendant's Store Manager) about leaving early.  Showing no empathy at all, Hart told Plaintiff that she was the only person in the specialty department and that it was not a good idea to leave the floor early.  Finally, after pointing out to Hart that not much time remained on her shift, Hart agreed to release Plaintiff an hour before her shift ended.

6.      For several years while working at the Rancho Mirage store, Plaintiff was always schedule off work on Saturdays.  From June to mid-August, Plaintiff used that time to care for her mother's animals and home while her mother tended to Plaintiff's sick brother.

7.      In August of 2008, while attending to her ill son, Plaintiff's mother had to undergo back surgery.  Around August 16, 2009, Plaintiff took her vacation time and traveled to Reno, Nevada to assist with the care of both her sick brother and mother.

8.      On September 5, 2009, Plaintiff returned to work only to find out that Hart had taken her Saturday off days, claiming that no one would have weekends off anymore.  However, while Hart had changed Plaintiff's scheduled day off, claiming

4

EXHIBIT _C_, PAGE _28_

that no one could have weekend time off anymore, Hart allowed other employees to continue having the weekend day or days off.

9.   Plaintiff spoke to Hart and informed her that she really needed to have Saturdays off more than ever, because she needed to care for her mother who had recently had back surgery and returned to California from Reno. Hart told Plaintiff, "No".

10.   On numerous occasions, while Plaintiff's brother battled cancer, and her mom was recovering from back surgery, Plaintiff repeatedly requested Sundays off (a relatively slow day during that time) to care for my recuperating mother. Hart repeatedly said no to Plaintiff's request. At the same time, other associates request for these days-off were being routinely granted.

11.   In early February of 2009, Plaintiff went to Hart and informed her that her brother would be undergoing experimental cancer treatment in San Francisco. Plaintiff informed Hart that she would need to take approximately a month off from work to help provide round the clock care for him while he recovered in his hospital like apartment. Hart told Plaintiff, "no, "it's a bad time for cancer, we have to focus on our sales". Hart went on to tell Plaintiff, you know you won't get paid for that time you are off. "Don't you need the money." Plaintiff informed Hart that her brother was very ill and that it was important for her to do whatever she to help care for him. Hart told Plaintiff no and proceeded to walk away from Plaintiff, ignoring her request.

M

_____5_____

12.   Then, on or about February 7, 2009, a co-worker informed Plaintiff that two of Defendant's management employees were publicly discussing very private matters concerning her personal hygiene, her sex organs and her past sexual relationship with one of Defendant's managers, with whom she had previously dated.

13.   Plaintiff was extremely shocked, embarrassed and offended by Defendant's management's comments.  On February 8, 2009, Plaintiff complained directly to Janet Hart, Defendant's store manager about what she believed to be sexually offensive conduct by her assistant managers.  Hart smirked and laughed at Plaintiff.  She told Plaintiff that, "it's a big store and people are going to spread rumors."  Hart then told Plaintiff that she needed to put on her "big girl pants and get over it."

14.   Defendant failed to investigate or take any reasonable steps to address Plaintiff's complaints about Defendant's sexually offensive conduct.

15.   Then on February 13, 2009, Defendant retaliated against Plaintiff by terminating Plaintiff's ten year employment with Home Depot, in part for her complaints about what she reasonably believed to be sexual harassment, and in part for her attempts to assert her rights under the California Family Act.

16.   Defendant's alleged reasons for terminating Plaintiff's long time employment with the Home Depot was a sham, and mere pretext to cover-up unlawful retaliation against Plaintiff.

FIRST AMENDED COMPLAINT  FOR DAMAGES

EXHIBIT  C , PAGE 30

17. Plaintiff exhausted her administrative remedies with the Department of Fair Employment and Housing against Defendant by filing Complaints of Discrimination on or about January 15, 2010. Plaintiff received a Notices of Case Closure from the Department of Fair Employment and Housing on January 15, 2010.

**FIRST COUNT: RETALIATION FOR OPPOSITION TO SEXUAL HARASSMENT AGAINST DEFENDANT AND DOES 1 THROUGH 20, INCLUSIVE.**

18. The allegations of Paragraphs 1 through 17 of the Introductory of the Paragraphs are incorporated herein by reference.

19. That the Fair Employment and Housing Act and California Constitution prohibit retaliation against employees for opposition to, or complaining about sexual harassment.

20. That the Defendant (through its agents/employees, including Janet Hart) did willfully retaliate against Plaintiff in violation of the Fair employment and Housing Act and the California Constitution by terminating Plaintiff's employment, in part because they complained about and opposed what they reasonably perceived as sex discrimination and/or harassment.

21. As a direct and proximate result of the aforesaid acts of Defendant by and through its agents and/or employees, and each of them (specifically the acts of Hart), Plaintiff has suffered a loss of earnings and has experienced substantial mental and emotional distress. Plaintiff, thus seeks an award of economic and non-

1  economic damages for such emotional distress against such Defendant in an amount

2  sufficient to fully compensate Plaintiff.

3

4      22.    The aforesaid acts of Defendant, including Hart were inherently

5  oppressive, outrageous and despicable, and said acts evidence conscious disregard

6  of Plaintiff's employment rights.  Thus, Plaintiff seeks the award of punitive

7

8  damages against Defendant to punish Defendant and to deter it from engaging in

9  such conduct in the future.

10     23. Plaintiff has incurred attorneys' fees in the prosecution of this action and

11

12 is entitled to an award of reasonable, allowable attorney's fees herein

13     Wherefore, Plaintiffs pray for judgment as set forth below.

14

15         SECOND COUNT: RETALIATION IN VIOLATION OF
           CALIFORNIA FAMILY RIGHTS ACT (GOV. CODE §12940, ET
16         SEQ.);MEDICAL LEAVE AGAINST DEFENDANT AND DOES 1
           THROUGH 20, INCLUSIVE.

17     24.    The allegations of Paragraphs 1 through 17 of the Introductory of the

18 Paragraphs AND Paragraphs 18 through 23 of the First Count are incorporated

19

20 herein by reference.

21     25.    That the Fair Employment and Housing Act and California

22 Constitution prohibit retaliation against employees for opposition to, or asserting

23

24 their rights under California Government Code § 12945.2, the California Family

25 Rights Act.

26     26.    That the Defendant (through its agents/employees, including Janet

27

28 Hart) did willfully retaliate against Plaintiff in violation of the Fair employment and

M                                8

EXHIBIT   C , PAGE  32

1    Housing Act by terminating Plaintiff's employment, in part because she asserted her

2    rights there under by seeing leave to attend to a sick family member.

3

4         27.    As a direct and proximate result of the aforesaid acts of Defendant by

5    and through its agents and/or employees, and each of them (specifically the acts of

6

7    Hart), Plaintiff has suffered a loss of earnings and has experienced substantial

8    mental and emotional distress. Plaintiff thus seeks an award of economic and non-

9    economic damages for such emotional distress against such Defendant in an amount

10   sufficient to fully compensate Plaintiff.

11

12        28.    The aforesaid acts of Defendant, including Hart were inherently

13   oppressive, outrageous and despicable, and said acts evidence conscious disregard

14   of Plaintiff's employment rights.  Thus, Plaintiff seeks the award of punitive

15

16   damages against Defendant to punish Defendant and to deter it from engaging in

17   such conduct in the future.

18

19   29. Plaintiff has incurred attorneys' fees in the prosecution of this action and

20   is entitled to an award of reasonable, allowable attorney's fees herein

21        Wherefore, Plaintiffs pray for judgment as set forth below.

22

23

24        THIRD COUNT: VIOLATION OF CALIFORNIA FAMILY RIGHTS
          ACT AGAINST DEFENDANT AND DOES 1 THROUGH 20,
25        INCLUSIVE.

26

27        30.    The allegations of Paragraphs 1 through 17 of the Introductory

28   Paragraphs and Paragraphs 18 through 23 of the First Count 24 through 29 of the

9

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT  C , PAGE 33

Second Count are incorporated herein by reference.

31. The Fair Employment and Housing Act provides job security to an employee who is absent from work because of the employee's own serious health condition or to care for family members with serious health conditions.

32. California Government Code § 12945.2 prohibits employers from refusing requests for leave of up to 12 workweeks in any 12-month period for family care and medical leave, with a guarantee of employment in the same or a comparable position upon the termination of the leave, where the employee has more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period.

33. Upon information and belief, Plaintiff met all the above-mentioned requirements under the California Family Rights Act, and was thus entitled to protected leave under said act.

34. That Plaintiff did exercise her right to take a protected leave due to a serious health condition that had befallen her, and that Defendants repeatedly refused to return Plaintiff to her previously held, or a comparable position upon the termination of her protected leave, and in fact, ultimately terminated her employment.

35. By these actions, Defendant unlawfully discriminated against Plaintiff in violation of Government Code Section 12945.2, and caused Plaintiff economic losses and physical and mental injuries for which Plaintiff seeks recovery of

10

EXHIBIT C , PAGE 34

1   damages.

2   36.    As a direct and proximate result of Defendant's actions, jointly and

3

4   severally, Plaintiff has been severely injured and harmed economically, emotionally

5   and mentally, wherefore, Plaintiff seeks economic and non-economic damages

6   according to proof at trial, together with prejudgment interest pursuant to Civil Code

7

8   Section 3287, 3288 and/or 3291.

9   37.    Plaintiff has incurred attorneys' fees in the prosecution of this action

10   and is entitled to an award of reasonable attorney's fees pursuant to Government

11

12   Code Section 12965(b).

13   Wherefore, Plaintiff prays for judgment as set forth below.

14       FOURTH COUNT: WRONGFUL TERMINATION IN VIOLATION
         OF PUBLIC POLICY AGAINST DEFENDANT AND DOES 1
15       THROUGH 20, INCLUSIVE.

16   38.    The allegations of Paragraphs 1 through 23 of the Introductory

17

18   Paragraphs and Paragraphs 24 through 29 of Second Count and Paragraphs 30

19   through 37 of the Third Count are incorporated by reference.

20   39.    That the Fair Employment and Housing Act and California

21

22   Constitution embodies public policy in the state of California, and guarantees

23   protection against sexual harassment and discrimination gender, as well as

24

25   protection from termination for asserting one's rights under the California Family

26   Rights Act.

27   40.    That the Defendants did willfully violate the public policy of

28

11

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT __C__, PAGE __35__

California, by intentionally and maliciously terminating Plaintiff's employment because of her opposition to sexual harassment and because she asserted her employment rights under the California Family Rights Act.

41.   As a direct and proximate result of the aforesaid acts of Defendant by and through its agents and/or employees, and each of them, Plaintiff has suffered a loss of earnings and has experienced substantial mental and emotional distress. Plaintiff thus seeks an award of economic and non-economic damages for such emotional distress against such Defendant in an amount sufficient to fully compensate Plaintiff.

42.   The aforesaid acts of Defendant, including Hart were inherently oppressive, outrageous and despicable, and said acts evidence conscious disregard of Plaintiff's employment rights.  Thus, Plaintiff seeks the award of punitive damages against Defendant to punish and to deter it from engaging in such conduct in the future.

43. Plaintiff has incurred attorneys' fees in the prosecution of this action and is entitled to an award of reasonable, allowable attorney's fees herein

Wherefore, Plaintiffs pray for judgment as set forth below.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.   For economic damages based upon lost income in such amount as shall be established by proof at time of trial;

12

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT ___C___, PAGE 36

2.      For non-economic damages in compensation for Plaintiff's severe emotional distress that Defendant's actions substantially and/or proximately caused, in such amount as shall be established by proof at time of trial;

3.      For punitive damages against Defendant in an amount sufficient to punish Defendant and/or to deter it from engaging in such conduct in the future;

4.      For attorney's fees pursuant to California Government Code Section 12965(b);

5.      For prejudgment interest; and

6.      For such other relief that this court shall deem proper.

Dated: 6-10-11                    LAW OFFICES OF ALVIN L. PITTMAN

By:  _____
                        ALVIN L. PITTMAN, ESQ.
                        Attorneys for Plaintiff
                        Cheryl Piccirilli


Plaintiffs hereby request a trial by jury in the above-captioned matter.

Dated: 6-10-11                    LAW OFFICES OF ALVIN L. PITTMAN

By:  _____
                        ALVIN L. PITTMAN, ESQ.
                        Attorneys for Plaintiff
                        Cheryl Piccirilli

13

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT  C , PAGE 37

**EXHIBIT D**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
46-200 Oasis Street
Indio, CA  92201
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

PICCIRILLI VS HOME DEPOT

CASE NO. INC 1100288

This case is assigned to the HONORABLE Judge Randall D White
in Department 2H as the case management department.
The Case Management Conference is scheduled for 07/12/11
at  8:30 in Department 2H.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing NOTICE OF
ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE
MANAGEMENT CONFERENCE (CRC 3.722) on this date, by depositing said
copy as stated above.

Court Executive Officer/Clerk

Date:  01/13/11               By:  S. COOK
                                   _____
                                   SIGNE J COOK, Deputy Clerk


ac: cmc,cmcb,ntit,cmcc

## Business Entity Detail

Data is updated weekly and is current as of Friday, June 10, 2011. It is not a complete or certified record of the entity.

| | |
|---|---|
| Entity Name: | HOME DEPOT U.S.A., INC. |
| Entity Number: | C1648357 |
| Date Filed: | 09/08/1989 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 2455 PACES FERRY ROAD |
| Entity City, State, Zip: | ATLANTA GA 30339 |
| Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC – LAWYERS INCORPORATING SERVICE |
| Agent Address: | 2730 GATEWAY OAKS DR STE 100 |
| Agent City, State, Zip: | SACRAMENTO CA 95833 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Privacy Statement | Free Document Readers

Copyright © 2011   California Secretary of State

6/13/2011

EXHIBIT  D  PAGE 39

**EXHIBIT E**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ALVIN L. PITTMAN, ESQ. (127009)<br>LAW OFFICES OF ALVIN L. PITTMAN<br>5933 W. CENTURY BLVD., SUITE 230<br>LOS ANGELES, CA 90045<br>TELEPHONE NO.: 310-337-3077   FAX NO. *(Optional)*:   310-337-3080<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  PLAINTIFF Cheryl Piccirilli | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside

STREET ADDRESS: 46-200 OASIS STREET

MAILING ADDRESS: SAME AS ABOVE

CITY AND ZIP CODE: INDIO, CA 92201

BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER:  Cheryl Piccirilli

DEFENDANT/RESPONDENT:  Home Depot, USA

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000)   ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:  July 12, 2011          Time:  8:30 A.M.     Dept.:  2H          Div.:                Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑  This statement is submitted by party *(name)*:  PLAINTIFF Cheryl Piccirilli
   b. ☐  This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.    The complaint was filed on *(date)*:  January 13, 2011
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☑  have been served but have not appeared and have not been dismissed *(specify names)*:
             Home Depot USA, Inc.
      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  ☑ complaint    ☐ cross-complaint   *(describe, including causes of action)*:
       Plaintiff's complaint alleges Four causes of action against her former employer, including but not
       limited to Violation of CFRA, retaliation and wrongful termination.

Page 1 of 4

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

EXHIBIT  E , PAGE  40

CM-110

| PLAINTIFF/PETITIONER:  Cheryl Piccirilli | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Home Depot, USA | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Ms. Piccirilli was a former employee of Defendant Home Depot for approximately 10 years.  Plaintiff was terminated in part because of her she sought time off under the California Family Rights Act and in part, because of her opposition to what she perceived as sexual harassment by her employer.

PAST LOE: Approximately 70K;  FUTURE LOE: $28,800.00   NON-ECONOMIC: 500K  ATTORNEY'S FEES:  uncertain to date

[ ]  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  [✓] a jury trial  [ ] a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  [ ]  The trial has been set for *(date):*
b.  [✓]  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
December 2011, April 2012; July 6 - August 30, 2012; Trials and family travel commitments.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  [✓] days *(specify number):*  5-7 days
b.  [ ] hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  [✓] by the attorney or party listed in the caption    [ ] by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
[ ]  Additional representation is described in Attachment 8.

9.  **Preference**
[ ]  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel  [✓] has  [ ] has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  [ ]  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  [ ]  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

EXHIBIT  E , PAGE  41

CM-110

| PLAINTIFF/PETITIONER: Cheryl Piccirilli | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Home Depot, USA | |

10. d.    The party or parties are willing to participate in (check all that apply):
    (1) ☑ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other (specify):

  e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

**11. Settlement conference**
  ☑ The party or parties are willing to participate in an early settlement conference (specify when):
    Within 150 Days of CMC

**12. Insurance**
  a.    ☐ Insurance carrier, if any, for party filing this statement (name):
  b.    Reservation of rights:    ☐ Yes    ☐ No
  c.    ☐ Coverage issues will significantly affect resolution of this case (explain):

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy    ☐ Other (specify):
  Status:

**14. Related cases, consolidation, and coordination**
  a.    ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 14a.
  b.    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by (name party):

**15. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**
  ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

EXHIBIT E   PAGE 42

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Cheryl Piccirilli | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Home Depot, USA | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Completed 1/12 |
| Plaintiff | WITNESS DEPOSITIONS | Completed 2/12 |
| Plaintiff | Expert Depositions | Completed 4/12 |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☑ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 28, 2011

ALVIN L. PITTMAN

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

EXHIBIT E, PAGE 43

PROOF OF SERVICE
1013A (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5933 W. Century Boulevard, Suite 230, Los Angeles, California 90045.

    On June 28, 2011, I served the foregoing document described as CMC STATEMENT on interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
X  by placing the original X  a true copy thereof enclosed in sealed envelopes addressed as follows:

Becky De George, Authorized Agent
CSC-Lawyers Incorporating Service
2730 Gateway Oaks Drive, #100
Sacramento, CA 95833

X_   BY U.S. MAIL        __   FACSIMILE @

    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal date of deposit for mailing affidavit.

    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the office of the addressee.

X (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 28, 2011, at Los Angeles, California.

PHILIP A. BUCKNOR, JR
Type or print name                              Signature

EXHIBIT ᴱ , PAGE 44

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ALVIN L. PITTMAN, ESQ. (127009)
LAW OFFICES OF ALVIN L. PITTMAN
5933 W. CENTURY BLVD., SUITE 230
LOS ANGELES, CA 90045
TELEPHONE NO.: 310-337-3077    FAX NO. *(Optional):*    310-337-3080
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* PLAINTIFF Cheryl Piccirilli

**FILED**

06/29/2011

Y.DOMINGUEZ

Superior Court of California
County of Riverside

**Per CRC 3.725
UNTIMELY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 46-200 OASIS STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: INDIO, CA 92201
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: Cheryl Piccirilli

DEFENDANT/RESPONDENT: Home Depot, USA

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☑ UNLIMITED CASE ☐ LIMITED CASE | INC 1100288 |

(Check one): ☑ **UNLIMITED CASE**
(Amount demanded exceeds $25,000)
☐ **LIMITED CASE**
(Amount demanded is $25,000 or less)

CASE NUMBER:

**INC 1100288**

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: July 12, 2011    Time: 8:30 A.M.    Dept.: 2H    Div.:    Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑  This statement is submitted by party *(name):* PLAINTIFF Cheryl Piccirilli
   b. ☐  This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date):* January 13, 2011
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
       (1) ☐  have not been served *(specify names and explain why not):*
       (2) ☑  have been served but have not appeared and have not been dismissed *(specify names):*
            Home Depot USA, Inc.
       (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint ☐ cross-complaint    *(describe, including causes of action):*
      Plaintiff's complaint alleges Four causes of action against her former employer, including but not limited to Violation of CFRA, retaliation and wrongful termination.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]    CASE MANAGEMENT STATEMENT    Page 1 of 4
Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

" By Fax "

EXHIBIT  E  PAGE  45

CM-110

| PLAINTIFF/PETITIONER:  Cheryl Piccirilli | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Home Depot, USA | **INC 1100288** |

4. b.   Provide a brief statement of the case, including any damages. *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Ms. Piccirilli was a former employee of Defendant Home Depot for approximately 10 years. Plaintiff was terminated in part because of her she sought time off under the California Family Rights Act and in part, because of her opposition to what she perceived as sexual harassment by her employer.

PAST LOE: Approximately 70K;  FUTURE LOE: $28,800.00  NON-ECONOMIC: 500K
ATTORNEY'S FEES:  uncertain to date

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
     The party or parties request   ☑ a jury trial   ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
     a.   ☐   The trial has been set for *(date):*
     b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
     c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
         December 2011, April 2012; July 6 - August 30, 2012; Trials and family travel commitments.

7.   **Estimated length of trial**
     The party or parties estimate that the trial will take *(check one):*
     a.   ☑ days *(specify number):*  5-7 days
     b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
     The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
     a.   Attorney:
     b.   Firm:
     c.   Address:
     d.   Telephone number:
     e.   Fax number:
     f.   E-mail address:
     g.   Party represented:
         ☐   Additional representation is described in Attachment 8.

9.   **Preference**
     ☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
      a.   Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
      b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
      c.   ☐   The case has gone to an ADR process *(indicate status):*

EXHIBIT  E , PAGE  46

CM-110

| PLAINTIFF/PETITIONER: Cheryl Piccirilli | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Home Depot, USA | INC 1100288 |

10. d.   The party or parties are willing to participate in *(check all that apply):*

(1) ☑ Mediation
(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
(4) ☐ Binding judicial arbitration
(5) ☐ Binding private arbitration
(6) ☐ Neutral case evaluation
(7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
☑ The party or parties are willing to participate in an early settlement conference *(specify when):*

Within 150 Days of CMC

**12. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy · ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
☐ Additional cases are described in Attachment 14a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CASE MANAGEMENT STATEMENT

EXHIBIT __E__, PAGE __47__

CM-110

| PLAINTIFF/PETITIONER: Cheryl Piccirilli | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Home Depot, USA | INC 1100288 |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | Completed 1/12 |
| Plaintiff | WITNESS DEPOSITIONS | Completed 2/12 |
| Plaintiff | Expert Depositions | Completed 4/12 |

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
   Previous case management orders in this case are *(check one)*: ☑ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*:   **0**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 28, 2011

| ALVIN L. PITTMAN | ▶ _(signature)_ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ▶ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

EXHIBIT ___E___, PAGE ___48___

INC 1100288

PROOF OF SERVICE
1013A (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
    I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5933 W. Century Boulevard, Suite 230, Los Angeles, California 90045.

    On  June 28, 2011, I served the foregoing document described as CMC STATEMENT on interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
X by placing the original X  a true copy thereof enclosed in sealed envelopes addressed as follows:

Becky De George, Authorized Agent
CSC-Lawyers Incorporating Service
2730 Gateway Oaks Drive, #100
Sacramento, CA 95833

X   BY U.S. MAIL    ___  FACSIMILE @

       I deposited such envelope in the mail at Los Angeles,
California.  The envelope was mailed with postage thereon fully prepaid.

    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal date of deposit for mailing affidavit.

    (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the office of the addressee.

X (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 28, 2011, at Los Angeles, California.

PHILIP A. BUCKNOR, JR.
Type or print name                    Signature

Notice of Intent

EXHIBIT  E , PAGE  4

# EXHIBIT F

1    Michael J. Sexton CA Bar No. 153435
    michael.sexton@ogletreedeakins.com
2    Angela Pak CA Bar No. 240177
    angela.pak@ogletreedeakins.com
3    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Park Tower, Suite 1500
4    695 Town Center Drive
    Costa Mesa, CA 92626
5    Telephone:   714.800.7900
    Facsimile:    714.754.1298

6

7    Attorneys for Defendant THE HOME DEPOT U.S.A., INC.
    (erroneously sued and served as THE HOME DEPOT STORES, INC.)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**JUL 06 2011**

**M. MEDRANO**

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF RIVERSIDE, INDIO DIVISION

10

| | |
|---|---|
| 11   CHERYL PICCIRILLI, | Case No. INC 1100288 |
| 12         Plaintiff, | [Assigned for all purposes to The Honorable Randall D. White, Dept. 2H] |
| 13     vs. | **THE HOME DEPOT U.S.A., INC.'S** |
| 14   THE HOME DEPOT STORES, INC., and DOES 1 THROUGH 20, | **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 15         Defendants. | |
| 16 | Action Filed:    June 13, 2011 |
| 17 | Trial Date:      None Set |

18        Defendant THE HOME DEPOT U.S.A., INC. ( erroneously sued as "THE HOME DEPOT

19   STORES, INC.," hereinafter referred to as "Home Depot" or "Defendant") hereby responds to

20   Plaintiff CHERYL PICCIRILLI's ("Piccirilli" or "Plaintiff") First Amended Complaint ("FAC") as

21   follows:

22                       ANSWER

23        Pursuant to California *Code of Civil Procedure* section 431.30, subdivision (d), Defendant

24   denies generally and specifically each and every allegation contained in Plaintiff's FAC, and denies

25   further that Plaintiff has been injured in the amount or manner alleged or in any other manner

26   whatsoever.

27        Additionally, without admitting that it carries the burden of proof as to any of the issues

28

EXHIBIT __F__, PAGE 50

1  raised thereby, Defendant asserts the following separate and distinct affirmative defenses to

2  Plaintiff's FAC and each purported cause of action therein and prays for judgment as set forth

3  below.

4       Defendant also hereby gives notice that it intends to rely upon such other and further

5  affirmative defenses as may become available during investigation and discovery in this action.

6  Defendant reserves the right to amend this Answer to assert any such defenses, or to modify its

7  admissions and denials herein, based on such investigation and discovery.

8  **FIRST AFFIRMATIVE DEFENSE**

9  **(Failure to State a Cause of Action)**

10      1.    This answering Defendant alleges that the FAC and each cause of action alleged

11  therein fails to state facts sufficient to constitute a cause of action as to this answering Defendant

12  upon which relief may be granted.

13  **SECOND AFFIRMATIVE DEFENSE**

14  **(Statute of Limitations)**

15      2.    The FAC, and each cause of action contained therein, is barred by the applicable

16  statutes of limitations, including, but not limited to, California Government Code sections 12960,

17  subdivision (d) and 12965, subdivision (b), California Code of Civil Procedure sections 335.1, 338,

18  subdivision (a), 339, 340, subdivisions (a) and (c), and 343.

19  **THIRD AFFIRMATIVE DEFENSE**

20  **(After-Acquired Evidence)**

21      3.    This answering Defendant alleges that the FAC and each cause of action alleged

22  therein are barred by the after-acquired evidence doctrine.

23  **FOURTH AFFIRMATIVE DEFENSE**

24  **(Failure to Mitigate)**

25      4.    This answering Defendant alleges that Plaintiff, by the exercise of reasonable effort

26  and/or care, could have mitigated the amount of damages alleged to have been suffered, but

27  Plaintiff has failed, neglected and refused, and continues to fail, neglect and refuse to exercise a

28  reasonable effort to mitigate the damages.

2

EXHIBIT F PAGE 51

THE HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

10556832_1.DOC

## FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

5. Plaintiff's prayers for economic damages, non-economic damages, punitive and compensatory damages regarding each cause of action stated in the FAC under California law are barred by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)* (2003) 31 Cal.4th 1026, 6 Cal.Rptr.3d 441, on the grounds that Plaintiffs unreasonably failed to make use of Defendant's complaint procedures, and Plaintiffs' alleged damages could have been avoided in whole or in part by reasonable use of these procedures.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction / Failure to Exhaust Administrative Remedies)

6. This answering Defendant alleges that this court lacks subject matter jurisdiction in that Plaintiff failed to timely and properly exhaust her administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. This answering Defendant alleges that Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered, if any such conduct is discovered by Defendant through discovery.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8. This answering Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of consent insofar as the conduct of which Plaintiff complains was incident to the employment relationship.

## NINETH AFFIRMATIVE DEFENSE

### (Waiver)

9. This answering Defendant alleges that Plaintiff's recovery in this action is barred in whole or in part by the doctrine of waiver.

3

EXHIBIT F PAGE 52

10556832_1.DOC

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.    This answering Defendant alleges that Plaintiff's recovery in this action is barred in whole or in part by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Facts Alleged Insufficient to Support Claim for Punitive Damages)

11.    This answering Defendant alleges that Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendant engaged in oppressive, fraudulent or malicious conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

12.    Plaintiff is not entitled to recover punitive or exemplary damages from Defendant Home Depot for the alleged acts referred to in the FAC on the grounds that said acts, if any, were performed by an employee of Home Depot and that none of Home Depot's officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Home Depot or its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Home Depot employ said employee with a conscious disregard of the rights or safety of others.  California *Civ. Code* section 3294.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Procedural and Substantive Due Process)

13.    This answering Defendant alleges that any and all claims for punitive or exemplary damages set forth in the FAC violate the Eighth and Fourteenth Amendments of the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

14.    This answering Defendant alleges that any and all claims by Plaintiff for damages

4

1    for emotional, mental and/or physical distress or injury, are preempted by the Workers'

2    Compensation Act, California *Labor Code* § 3200 et seq., as the alleged injuries arose as a result of

3    and in the course and scope of her employment.  This Court lacks subject matter jurisdiction over

4    Plaintiff's claims and/or lacks the power to grant certain remedies which are within the exclusive

5    province of the Workers' Compensation Appeals Board.

6  **FIFTHTEENTH AFFIRMATIVE DEFENSE**

7  **(Third Party Liability)**

8       15.    This answering Defendant alleges that any alleged emotional, mental and/or

9    physical injury suffered by Plaintiff was proximately caused in whole or in part by the acts and/or

10    omissions of persons and entities other than Defendant, including the acts and omissions of

11    Plaintiff herself.

12  **SIXTEENTH AFFIRMATIVE DEFENSE**

13  **(*Civil Code* Section 1431.2)**

14       16.    This answering Defendant alleges that any alleged emotional, mental and/or

15    physical injury suffered by Plaintiff was proximately caused by the acts and/or omissions of

16    persons and entities other than Defendant.  Accordingly, Defendant is entitled to an allocation of

17    any and all non-economic damages pursuant to California *Civil Code* section 1431.2.

18  **SEVENTEENTH AFFIRMATIVE DEFENSE**

19  **(Legitimate, Non-Discriminatory Business Reason)**

20       17.    This answering Defendant alleges that any recovery on the Complaint is barred in

21    whole or in part on grounds that any actions taken by Defendant were reasonable in response to

22    legitimate business necessities, and were taken for legitimate nondiscriminatory and/or non-

23    retaliatory reasons.

24  **EIGHTEENTH AFFIRMATIVE DEFENSE**

25  **(Laches)**

26       18.    Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly,

27    this action is barred by laches.

28  EXHIBIT _F_, PAGE 54

10556832_1.DOC

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge as to Retaliation)

19.    This answering Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, as Defendant had no knowledge that Plaintiff was subject to retaliation as alleged in the complaint. *Wellpoint Health Networks v. Superior Court* (1997) 59 Cal. App. 4th 110.

## TWENTIETH AFFIRMATIVE DEFENSE

### (At-Will Employment)

20.    This answering Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, because Plaintiffs' employment status was for no specific term and therefore terminable at-will pursuant to California *Labor Code* section 2922.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Utilize Policy)

21.    Plaintiff's causes of action are barred because Defendants, at all relevant times, exercised reasonable care to prevent and correct promptly any alleged unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Home Depot to otherwise avoid harm.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Causation)

22.    This answering Defendant alleges that Plaintiff's claims are barred, in whole or in part, because she cannot demonstrate a causal connection between any protected activity and any alleged retaliatory conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Protected Activity)

23.    This answering Defendant alleges that Plaintiff's claims are barred, in whole or in part, because she cannot demonstrate that she has engaged in any protected activity.

///

///

EXHIBIT F, PAGE 55

THE HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

10556832_1.DOC

1   WHEREFORE, Defendant prays as follows:

2   1.   That Plaintiff take nothing by this action;

3   2.   That judgment be entered in favor of Defendant;

4   3.   For costs of suit and for attorneys' fees incurred; and

5   4.   For such other and further relief as the Court deems just and proper.

6

7

8   DATED:  July 6, 2011                    OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.
9

10

11                                          By: _____
                                                 Michael J. Sexton
12                                               Angela Pak

13                                          Attorneys for Defendant THE HOME DEPOT
                                            U.S.A., INC.
14

15   10556832.1 (OGLETREE)

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __F__, PAGE 56

7

THE HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**
*Piccirilli v. The Home Depot Stores, Inc. et al.*
Case No. INC 1100288

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On July 6, 2011, I served the following document(s):

**THE HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **(State)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 6, 2011, at Costa Mesa, California.

Carla Durkee
Type or Print Name

Signature

EXHIBIT ___F___, PAGE 57

1

## SERVICE LIST

2

3    Alvin L. Pittman, Esq.                    Attorneys for Plaintiff
     LAW OFFICES OF ALVIN L. PITTMAN          CHERYL PICCIRILLI
4    5933 West Century Blvd., Suite 230
     Los Angeles, CA  90045
5    Tel:  310-337-3077
     Fax:  310-337-3080
6    E-Mail:

7

8

9

10   10534092.1 (OGLETREE)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                               EXHIBIT  F  PAGE 58

28

# PROOF OF SERVICE
*Cheryl Piccirilli v. The Home Depot Stores, Inc.*
Case No.

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On July 7, 2011, I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(B)**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 7, 2011, at Costa Mesa, CA.

Carla Durkee
Type or Print Name

Signature

1

1

## SERVICE LIST

2

3   Alvin L. Pittman, Esq.                    Attorneys for Plaintiff
    LAW OFFICES OF ALVIN L. PITTMAN          CHERYL PICCIRILLI
4   5933 West Century Blvd., Suite 230
    Los Angeles, CA  90045
5   Tel: 310-337-3077
    Fax: 310-337-3080
6   E-Mail:

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1053 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CHERYL PICCIRILLI | THE HOME DEPOT STORES, INC., and DOES 1 THOUGH 20 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Alvin L. Pittman, Esq.<br>Law Offices of Alvin L. Pittman<br>5933 West Century Blvd., Suite 230, Los Angeles, CA  90045 | Michael J. Sexton, Esq./Angela Pak, Esq.<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>695 Town Center Drive, Suite 1500<br>Costa Mesa, CA  92626 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332 &1441(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☑ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

FOR OFFICE USE ONLY:      Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                            ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                            ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                            ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Georgia; Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date July 7, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |